JOHN T. SCULLY *vs.* COMMONWEALTH.

Suffolk.  · January 19, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Tide Water.   Statute,* Construction.   *Lechmere Point Corporation.*

Section 2 of St. 1809, c. 95, authorizing the Lechmere Point Corporation created
  by that act to hold a certain tract of land, with power to make streets through
  it, divide it into lots and build walls to protect it from the water, and to manage
  and improve it according to the will and pleasure of the proprietors, contains no
  grant by the Commonwealth of a right to fill flats.

PETITION, filed June 22, 1904, under R. L. c. 201, to recover
$2,019.67, with interest from January 25, 1893, and $2,550, with
interest from August 23, 1901, paid by the petitioner to the Com-
monwealth as assessments for the displacement of tide water by
the filling of certain flats in the Charles River.

The respondent demurred.   In the Superior Court *Sheldon,* J.
sustained the demurrer and ordered judgment for the respondent.
The petitioner appealed.

The petition alleged that the petitioner was the successor in
title of the Lechmere Point Corporation.   Section 2 of St. 1809,
c. 95, the charter of that corporation, is as follows :

" Sect. 2.   Be it further enacted, That the said corporation
be capable to have, hold, and possess such part of the said tract
of land as may belong to the said proprietors named in this act,
and of any others who may associate with them, and shall have
power to make streets through the same, and divide it into lots,
and to build walls to protect the same from the water, and to
erect buildings thereon, and the said corporate property, or any
part thereof, to grant, sell, and alien, in fee simple or otherwise,
and to lease, exchange, manage, and improve the same according
to the will and pleasure of the proprietors, or the major part of
them present at any meeting, to be expressed by their votes."

*A. W. Blakemore,* (*E. R. Champlin* with him,) for the petitioner.

*F. H. Nash,* Assistant Attorney General, for the respondent.

LORING, J.   This is a petition to recover back from the Com-
monwealth, money paid to it under a mistake of fact.   It sets

forth that on two occasions the petitioner filed petitions with the harbor and land commissioners for a license under Pub. Sts. c. 19, to fill in flats over which the tide ebbed and flowed, and that upon the petitions he received two licenses dated May 23, 1889, and January 26, 1900, respectively, under which he paid the Commonwealth the sums of $2,019.67 and $2,550; that in May, 1904, he learned of the existence of an act of the Legislature passed March 3, 1810, (St. 1809, c. 95,) entitled " An Act to incorporate certain persons ·into a company by the name of the Lechmere Point Corporation," which act he contends gave the persons therein named the right to fill the flats then owned by them ; that the flats covered by the. licenses in question were owned in 1810 by the persons named in that act, and that the plaintiff now holds under them.

We are of opinion however that no right to fill flats over which the tide ebbed and flowed was given by the act of 1810. The section relied on by the petitioner is § 2.   But that is not a grant of a right by the Commonwealth to fill flats; it is nothing more than the definition of the powers of the corporation created by the act.   There are many instances of acts granting the right to fill flats.   See St. 1851, c. 26 (the act in question in *Bradford* v. *McQuesten,* 182 Mass. 80) ; St. 1852, c. 105, and St. 1855, c. 481 (the acts in question in *Bradford* v. *Metcalf,* 185 Mass. 205) ; St. 1855, cc. 40, 54, 108, 181, 182, 209, 330 ; St. 1856, c. 57 ; St. 1857, cc. 288, 296 ; St. 1860, cc. 108, 110, 111, 112, 114, 116, 117, 118, 119, 132, 134.

But the act in question is not like these acts; on the contrary the terms used are in contrast to them.   The section of the act in question is so plainly an act defining the powers of the corporation as between it and its stockholders and as between the Commonwealth and the corporation, and not an act which grants to it rights of property in the flats owned by it, that nothing more need be said.

*Judgment for the Commonwealth affirmed.*